IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-468-MHT-SMD |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 7, 2020, Plaintiff filed a Complaint (Doc. 1) in the Northern District of Florida seeking review of the decision of the Commissioner of Social Security regarding her applications for Supplemental Security Income and Social Security Disability Insurance Benefits under Title XVI and Title II of the Social Security Act, respectively. On July 8, 2020, Plaintiff's case was transferred to this Court. *Order* (Doc. 8).

Subsequently, the undersigned granted Plaintiff's request to proceed *in forma pauperis* and entered a scheduling order. *Order* (Doc. 10). The scheduling order required Plaintiff to "file a brief in support of [her] claim(s) for relief" within forty days of the Commissioner filing her answer and serving Plaintiff with a copy of the administrative record. *Id.* p. 1. The Commissioner filed her answer on October 9, 2020. *Answer* (Doc. 16). On November 20, 2020, Plaintiff moved the Court for a thirty-day extension of time to file her memorandum. *Pl.'s Mot.* (Doc. 17). The undersigned granted the motion and ordered

Plaintiff to file her memorandum on or before December 18, 2020. *Order* (Doc. 18). Plaintiff did not file her memorandum by that date.

On October 19, 2021—ten months after the memorandum was due—the undersigned entered an order requiring Plaintiff to show cause, if any there be, why her case should not be dismissed for failure to prosecute and abide by Court orders. *Order* (Doc. 19). The Order specifically advised Plaintiff "that a failure to respond to this Order will be viewed by the undersigned as an indication that she does not oppose dismissal of this case for failure to prosecute and comply with a court order." *Id.* p. 2. Plaintiff received a copy of the Order on October 21, 2021. *Return Receipt Card* (Doc. 20). Almost four months have passed, and Plaintiff has not filed any written communication with the Court indicating that she opposes dismissal of her case. Nor has she filed her brief in support of her Complaint, which was due over one year ago.

Federal Rule of Civil Procedure 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order[.]" *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (upholding involuntary dismissal with prejudice under Rule 41(b) where pro se "appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders"). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374 (quoting *Goforth v. Owens*,

766 F.2d 1533, 1535 (11th Cir.1985)); *see also McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006). "Violations 'caused by simple negligence, misunderstanding, or inability to comply' do not constitute 'willfulness.'" *Powell v. Siegal*, 2011 WL 5574963, at *1 (11th Cir. Nov.17, 2011) (quoting *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000)).

Here, Plaintiff has established a pattern of disregard for, and noncompliance with, orders of the Court. As detailed above, the Court ordered Plaintiff to file a memorandum in support of her Complaint no later than December 18, 2020. Having received no response, the Court entered an order directing her to show cause why the case should not be dismissed for failure to prosecute. Plaintiff again failed to file her memorandum or respond in any manner to the Court's show cause order. Plaintiff was warned that her failure to respond would indicate that she did not oppose dismissal of her case. Plaintiff's failure to file a memorandum in support of her Complaint, respond to the Court's show cause order, or otherwise explain her inability to respond demonstrates a clear record of willful contempt. *See Martin v. Astrue*, 2012 WL 695112, at *2 (N.D. Fla. Feb. 2, 2012).

Further, Plaintiff's conduct clearly shows that she has no intent of prosecuting this matter any further. Thus, the undersigned finds that no sanction lesser than dismissal will suffice. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with Court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

For these reasons, it is the

RECOMMENDATION of the undersigned that Plaintiff's Complaint (Doc. 1) be DISMISSED. Further, it is

ORDERED that the parties shall file any objections to this Recommendation on or before February 22, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

The Clerk of Court is DIRECTED to mail a copy of this Recommendation to Plaintiff at her address listed on the docket sheet.

DONE this 8th day of February, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE